**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                              CASE NO.    3:02-cr-157-J-20TEM

JOHN H. SEAMAN

_____

**O R D E R**

The Court, having found Defendant mentally incompetent to participate in the supervised release violation proceedings pending before the Court, ordered him in November 2007 to undergo treatment in a suitable federal medical facility (Doc. #69). Defendant arrived at the United States Medical Center for Federal Prisoners in Springfield, Missouri, on January 10, 2008.

On March 14, 2008, the institution sent a report to the Court, which the Court provided to counsel for the United States and the Defendant.  The Court then held a hearing with counsel present on April 14, 2008.  The Defendant remained in the institution based on the report of the institution that he was in an active episode of mental illness.

The report of the institution is that Defendant is acutely psychotic and incompetent to proceed with any type of courtroom proceedings.  He is being treated with antipsychotic medications pursuant to prison regulations, and has shown only minimal improvement, according to the report.

However, the report of clinical psychologist Richart L. DeMier states his opinion that with continued treatment the Defendant may be restored to competency within the foreseeable future, and it would be premature to state that he cannot be restored to

competency. The institution has recommended an extension of his commitment and treatment period. At the hearing, Defendant's counsel, with agreement of the United States, requested the treatment be continued.

Under *United States v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990), a Court which has found that a defendant is suffering from a mental disease or defect rendering him mentally incompetent to stand trial must commit the defendant to the custody of the Attorney General for treatment. If after the initial four months of treatment the defendant is not restored to competency, but there is a "substantial probability" that additional treatment will still accomplish the restoration, the court may order an "additional reasonable period" of time for treatment. *Id.* at 1303; Title 18, United States Code, Section 4241(d)(2).

Based on the institution's report, as well as the request of Defendant's counsel, the Court finds that there is a reasonable probability that the Defendant may be restored to competency with additional treatment. The Court will order pursuant to Title 18, United States Code, Section 4241(d)(2) that the Defendant remain at a suitable medical facility for treatment for a period of up to six additional months (with that time period beginning March 10, 2008, the date of the initial report). The institution shall report to the Court on Defendant's mental status by July 10, 2008, and every thirty days thereafter until receipt of further order from the Court. The Court will re-evaluate Defendant's commitment upon receipt and review of each report.

The institution shall not return the Defendant to this district, but shall continue to maintain him until further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida, on this 18th day of April, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Honorable Harvey E. Schlesinger
United States District Judge

Asst. United States (Talbot)
Asst. Federal Public Defender (Burke)
John H. Seaman c/o U. S. Marshal Service
U. S. Marshal Service

Marty C. Anderson, Warden
U.S. Medical Center for Federal Prisoners
1900 West Sunshine
Springfield, MO 65808

Richart L. DeMier, Ph.D.
Clinical Psychologist
U.S. Medical Center for Federal Prisoners
1900 West Sunshine
Springfield, MO 65808